IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PAUL N. FORD and ANN M. FORD, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 6:21-CV-03337-MDH |
| | ) |
| BLUEGREEN VACATIONS UNLIMITED, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Bluegreen Vacations Unlimited, Inc.'s ("Bluegreen) Motion to Dismiss Plaintiffs' Petition. (Doc. 22). For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

On November 19, 2018, Plaintiffs, who are Arkansas residents, "entered into [a] contract with [Bluegreen]." (Am. Compl., Dkt. 17, at ¶¶ 1, 8; Ex. A to Am. Compl., Dkt. 17-1, at p. 4.) In their Amended Complaint, Plaintiffs allege that "[t]he Contract, otherwise known as the Owner Beneficiary Agreement and other relevant documents that formed the basis of the parties['] contractual relationship are attached and incorporated herein." (Am. Compl., Dkt. 17, at ¶ 8.)

In the OBA, Bluegreen "agrees to sell, and [Plaintiffs] agree[] to purchase a timeshare estate, being the Property described below," which consisted of week-long interests in certain condominiums located at the Bluegreen Wilderness Club at Long Creek Ranch in Ridgedale, Missouri. (*See* Ex. A to Am. Compl., Dkt. 17-1, at p. 2, ¶ 1.)

Consistent with the OBA, Bluegreen/Big Cedar Vacations, LLC deeded the real property interest purchased by Plaintiffs to Vacation Trust, Inc. By having their real property interest held

1

in trust by Vacation Trust, Inc., Plaintiffs became Owner Beneficiaries under the Bluegreen Vacation Trust Agreement and members of the Bluegreen Vacation Club, Inc., a Florida non-profit corporation. (*See* Ex. A to Am. Compl., Dkt. 17-1, at p. 2) This entitled Plaintiffs to exercise Owner Beneficiary Rights, which included "as an appurtenance thereto an allocation" of "vacation points" representing "the opportunity to use and enjoy certain Accommodations and Facilities subject to the Bluegreen Vacation Trust Agreement." (*See id.* at p. 2, second paragraph; p. 5, ¶¶ 1, 1(a), and 1(b).) The OBA explained the concept of vacation points, as well as how Owner Beneficiaries could use them to enjoy other Bluegreen properties within the Bluegreen Vacation Club Trust. (*Id.* at pp. 7-8, ¶¶ 16-17.)

Plaintiffs also received a "1-Year Complimentary Membership in Bluegreen Traveler Plus." (Ex. A to Am. Compl., Dkt. 17-1, at p. 12.) The "Enhanced/Traveler Plus Membership Agreement" explained the benefits of the Traveler Plus program, such as discounts on hotels, restaurants, and golf courses. (*Id.* at p. 11, ¶ 5.) Though Plaintiffs do not allege that they ever paid anything for their Traveler Plus membership, the Enrollment Agreement enabled them to re-enroll in future years and estimated that the annual dues would be either $49 or $59, depending on the method of payment. (*Id.* at p. 11, ¶¶ 3, 4.)

Nearly three years after their most-recent timeshare purchase, Plaintiffs mailed Bluegreen a "Notice of Rescission" letter dated November 10, 2021, in which they purported to rescind their "purchase of timeshare interests" and sought "a full refund" of "all sums paid":

> I am writing on behalf of myself and my wife, Ann M. Ford, regarding our legal rights and remedies *arising from our purchase of timeshare interests* from your resort. I am a licensed attorney in the state of Arkansas, however, my wife and I will be proceeding in this matter pro se.
>
> At the time of purchase your resort was not in compliance with the registration procedures required under § 407.1249 RSMo. Accordingly, and pursuant to §

> 407.1249 RSMo., we hereby rescind our purchase and *demand a full refund of $89,030.00, representing all sums paid by me and my wife.*

(Ex. C to Am. Compl., Dkt. 17-3 (emphasis added).)

In their Amended Complaint, Plaintiffs allege that Bluegreen is a "travel club" as defined in Mo. Rev. Stat. § 407.1240, and that, as a travel club, Bluegreen "is required to register as such with the Missouri Attorney General" pursuant to Mo. Rev. Stat. § 407.1243. (*Id.* at ¶¶ 5-6.) Plaintiffs further allege that, when they entered into the OBA, Bluegreen had "failed to register as a travel club," thereby giving them the right to rescind the OBA under Mo. Rev. Stat. § 407.1249. (*Id.* at ¶¶ 8-15.)

## STANDARD

The Court must grant a motion to dismiss pursuant to Rule 12(b)(6) when the allegations of the complaint fail to plead facts to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Although the Court should assume the truth of all factual allegations in the complaint and make all reasonable inferences in favor of the nonmoving party, the Court cannot accept the truth of legal conclusions in the complaint. *See East v. Minnehaha Cty.*, 986 F.3d 816, 820 (8th Cir. 2021). And where, as here, the complaint relies on a contract, the contract is properly considered on a motion to dismiss. *E.g.*, *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). If the contents of the contract contradict an allegation in the complaint, the contract and not the allegation controls. *See, e.g.*, *Zean v. Fairview Health Servs.*, 858 F.3d 520, 527 (8th Cir. 2017); *Gorog v. Best Buy Co.*, 760 F.3d 787, 793 (8th Cir. 2014).

## DISCUSSION

Plaintiffs wish to rescind the contract and seek full refund under Mo. Rev. Stat. §§ 407.1240 through 407.1252. Individuals who purchase travel club memberships from a travel club

3

that is not registered under Mo. Rev. Stat. §§ 407.1240 through 407.1252, shall have a non-waivable right, for a period of three years, from the date of purchase, to rescind and cancel their travel club membership and receive a full refund within fifteen business days of such recission. *Id*.

Although Plaintiffs allege that the MMPA's travel club provisions govern their timeshare purchase, their Amended Complaint and the exhibits attached thereto and incorporated therein conclusively establish that Plaintiffs purchased a timeshare estate and not a "travel club membership." They therefore have no right to rescission under the MMPA's travel club provisions, and the single claim in the Amended Complaint fails as a matter of law.

**A. The OBA Establishes that Plaintiffs Purchased a Timeshare Estate**

In 1985, the Missouri General Assembly enacted provisions of the MMPA regulating the sale of timeshare interests. *See* Mo. Rev. Stat. §§ 407.600 – 407.630. Specifically, the MMPA's time-sharing provisions regulate entities that sell "time-share plans," defined to include a "right-to- use [] any accommodation or facility for a period of time which is less than a full and continuous" year but "extends for a period more than three years":

> *any arrangement* . . . [or] plan, . . . whether by membership, agreement, tenancy in common, sale, lease, deed, rental agreement, license, right-to-use agreement or any other means, *whereby a purchaser, in exchange for a consideration, receives* one or more time-share periods, or *any type of interval or joint ownership in, or a right-to-use, any accommodation or facility for a period of time which is less than a full continuous and uninterrupted year during any given year, and which extends for a period of more than three years…*

Mo. Rev. Stat. § 407.600(11) (emphasis added). Such entities must provide a purchaser notice, in 18-point boldface type, of their right to cancel their purchase within five days after the date of their purchase agreement. Mo. Rev. Stat. § 407.620.

When Missouri courts interpret contracts, "so far as possible, [t]he intention of the parties is to be gleaned from the four corners of the contract." *Jerseyville Mall, LLC v. Shop 'N Save Warehouse Foods, Inc.* 633 S.W.3d 523, 526 (Mo. Ct. App. 2021) (brackets in original). "Missouri

4

courts construe a contract as a whole so as not to render any terms meaningless," and a "construction that gives a reasonable meaning to each term and harmonizes all provisions is preferred over a construction that renders some provisions without function or sense." *Id.* "If the language is clear and addresses the disputed matter, the inquiry ends." *Id.*

Read as a whole, the OBA and related documents conclusively establish that Plaintiffs purchased a "*timeshare estate*" from Bluegreen on November 8, 2018. Plaintiffs paid $89,030.00 for their "timeshare estate," in part with equity from a prior timeshare purchase and with the balance financed with a Promissory Note, secured by a recorded Deed of Trust. A General Warranty Deed, which was recorded, was issued in connection with Plaintiffs' timeshare purchase. (*Id.*) Plaintiffs' purchase of a timeshare estate, and their accompanying right to use points to vacation at other Bluegreen properties, fall squarely within the MMPA's timeshare provisions. *See* Mo. Rev. Stat. § 407.600(11), (12). Indeed, even on the eve of filing this lawsuit, Plaintiffs recognized that their supposed claim "aris[es] from our purchase of *timeshare interests*." (Ex. C to Am. Compl., Dkt. 17-3.)

### B. Plaintiffs Did Not Purchase a "Travel Club Membership"

The MMPA's travel club provisions regulate "travel clubs," which the MMPA's travel club provisions define as businesses that sell a "reoccurring right to purchase *travel benefits* at prices that are represented as being discounted from prices otherwise not generally available to the public" in return for a "membership fee" of at least seven hundred and fifty dollars:

> any business enterprise that . . . offers to sell to the public the reoccurring right to purchase travel benefits at prices that are represented as being discounted from prices otherwise not generally available to the public and charges members or customers a membership fee that collectively equals no less than seven hundred fifty dollars.

Mo. Rev. Stat. § 407.1240(7). The MMPA's travel club provisions define "travel benefits," which include "rental housing," such as the rental of a "condominium, time-share, hotel, [or] motel":

5

> benefits that are offered to travel club purchasers . . . that include all forms of overnight resort, condominium, time-share, hotel, motel, and other rental housing of every nature; all forms of air travel and rental car access; all forms of cruise line access; and all other forms of discounted travel benefits of every nature.

Mo. Rev. Stat. § 407.1240(6). Individuals who purchase travel club memberships from a travel club that is not registered under Mo. Rev. Stat. §§ 407.1240 through 407.1252, shall have a non-waivable right, for a period of three years, from the date of purchase, to rescind and cancel their travel club membership and receive a full refund within fifteen business days of such recission. *Id*.

As discussed below, Plaintiffs not only did not purchase "travel benefits," they also were not charged "a membership fee that collectively equals no less than seven hundred fifty dollars." The MMPA's travel club provisions thus did not apply to Plaintiffs' timeshare purchase.

### 1. Plaintiffs did not purchase a travel club membership but instead purchased a timeshare estate, which was accompanied with points.

Plaintiffs do not and cannot allege any facts that would fit their purchase of a "timeshare estate" into the purchase of a "travel club membership" under the MMPA. Plaintiffs' discrete purchase of a timeshare estate did not create any "reoccurring right to purchase" anything; it did not entitle them to future discounts on purchases of other timeshare estates or vacation points, at prices not available to the general public or otherwise. Plaintiffs simply purchased a timeshare.

Plaintiffs' receipt of "vacation points" in connection with their timeshare purchase did not implicate the MMPA's travel club provisions. Plaintiffs do not and cannot allege that their timeshare purchase and receipt of vacation points, which allow them to reserve other Bluegreen properties, was somehow not a timeshare purchase and instead was the purchase of a travel club membership that enabled them to make some sort of future purchases "at prices that are represented as being discounted from prices otherwise not generally available to the public." Mo. Rev. Stat. § 407.1240(7). Like any other member of the general public who purchases from Bluegreen, Plaintiffs purchased a timeshare estate and received vacation points that enabled them to vacation

at other Bluegreen properties. The only significance of the vacation points system described in the OBA is that it further demonstrates that Plaintiffs' purchase was a quintessential timeshare purchase, Mo. Rev. Stat. § 407.600(11), (12).

## CONCLUSION

The undisputed evidence regarding Plaintiffs' timeshare purchase demonstrates that Plaintiffs did not purchase a travel club membership as relevant in Mo. Rev. Stat. § 407.1240. Plaintiffs therefore have no basis to rescind the contract with Bluegreen under Missouri law. Therefore, the Motion to Dismiss (Doc. 22) is **GRANTED** and the above-captioned case is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: April 14, 2022            */s/ Douglas Harpool*
                                                                           **DOUGLAS HARPOOL**
                                                                           **United States District Judge**